UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSH AARON STEELMAN,<br>    Petitioner, | Case No. 1:19-CV-16 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Hamilton County, Ohio, convictions. (Doc. 1). This matter is before the Court on petitioner's motion for leave to stay the proceedings (Doc. 11), to which respondent has filed a response in opposition (Doc. 12).

In January 2019, petitioner commenced the instant federal habeas corpus action (Doc. 1), raising the following three grounds for relief:

> **GROUND ONE**: The trial court erred in permitting the use of Petitioner's pre-arrest silence as substantive evidence against him during the State's case-in-chief.
>
> **Supporting Facts:** The State presented testimony of the Petitioner, who had not yet been arrested or Mirandized for the Burglary, who remained silent and asserted his right to counsel in the face of questioning by arresting officer, Deputy Wittich. The use of Petitioner's pre-arrest silence in the state's case-in-chief as substantive evidence of guilt subvert [sic] the policies behind the Fifth Amendment. . . . Allowing the use of pre-arrest silence as evidence of guilt, by refusing to answer Deputy Wittich's questions without an attorney, undermines the very protections the Fifth Amendment was designed to provide.
>
> **GROUND TWO**: The prosecutor elicit [sic] hearsay testimony from one of its witnesses.
>
> **Supporting Facts**: Prosecutor's witness, Deputy Rollins, testified to what Petitioner's co-defendant told him, who, did not testify at Petitioner [sic] trial, which denied Petitioner the opportunity to challenge that state [sic] made by Petitioner's co-defendant.

> **GROUND THREE**: The prosecutor committed multiple instance [sic] of misconduct throughout Petitioner's trial.
>
> **Supporting Facts**: Prosecutor misconduct deprive [sic] Petitioner of his right to due process and a fair trial. In particular, the prosecutor referred to Petitioner as "some yay-who," "some two-bit drug addict," a "vindictive, violent individual," a "junkie," a "two-bit heroin addict," and a "two-bit junk[ie]." . . . Prosecutor even expressed his personal belief and opinion to the credibility of the Petitioner and his defense. Not only did the prosecutor attempt to tip the scales of justice by repeatedly interjecting his personal opinion into the record, he intentionally misstated the law regarding the presumption of innocence during rebuttal, "When you go to the jury room, the presumption of innocence is no longer with him."

(Doc. 1, at PageID 42-45).

Petitioner asserts that he is seeking a stay to exhaust his state-court remedies, specifically, a new claim of ineffective assistance of appellate counsel not presented in his habeas corpus petition. (*See* Doc. 11, at PageID 882). Petitioner seeks to exhaust this claim in response to an assertion in respondent's return of writ that petitioner procedurally defaulted the grounds for relief in his petition by failing to present them to the Ohio Supreme Court as substantive claims. (*See id.*). It appears that petitioner is attempting to avoid the alleged procedural default by asserting ineffective assistance of appellate counsel as "cause" for the alleged default.

This is not a "mixed petition" case involving exhausted and unexhausted claims. *See generally Rhines v. Weber*, 544 U.S. 269 (2005). The Court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984). *See also Bullock v. Jackson*, No. 1:07-cv-392, 2008 WL 906096, at *3 (S.D. Ohio Mar. 31, 2008) (denying motion to stay pending exhaustion of claim of ineffective assistance of appellate counsel that was not presented in habeas corpus petition).

Moreover, even if the stay-and-abeyance procedure were applicable, petitioner would not meet the criteria for a stay. The *Rhines* Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines,* 544 U.S. 277-78. Because petitioner did not have a right to effective assistance of counsel in his discretionary appeal to the Ohio Supreme Court, his proposed ineffective-assistance-of-appellate-counsel claim is plainly meritless and would not serve as cause for the default of the underlying claim. *See Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

Petitioner has failed to meet his burden of showing that he is entitled to a stay of this habeas corpus proceeding while he exhausts his state-court remedies on his new ineffective-assistance-of-appellate-counsel claim. Accordingly, the Court should deny petitioner's motion to stay the petition.[1]

It is, therefore, **RECOMMENDED** that petitioner's motion to stay the instant case (Doc. 11) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Nothing contained in this Report and Recommendation should be considered an indication by the Court of whether petitioner has procedurally defaulted the claims in his petition.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSH AARON STEELMAN,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-CV-16

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4